UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JON SADER, ET AL. | CIVIL ACTION |
| VERSUS | NO: 15-2874 |
| DAVID E. GRISWOLD, ET AL. | SECTION: "A" (3) |

## ORDER AND REASONS

Before the Court is a **Motion to Vacate the Stay or Reopen Case and to Compel Joinder of David Griswold to the Arbitration (Rec. Doc. 47)** and **Motion to Vacate Stay and to Compel Deposition of Party Defendant David E. Griswold** filed by plaintiffs Jon Sader, Sader Power Enterprises, LLC, and Sader Power, LLC (collectively "the Sader Parties"). Defendants David E. Griswold and Griswold Power, LLC (collectively "the Griswold Parties") oppose the motions. The motions, scheduled for submission on June 14, 2017, are before the Court on the briefs without oral argument.

This lawsuit arises out of a sophisticated, multi-faceted business venture between the Sader Parties and the Griswold Parties. The venture involved a plan to install solar panel arrays on homes in Louisiana and to fund those installations with federal tax grants and Louisiana tax credits. Jon Sader and David Griswold each formed business entities to effectuate the plan. Sader contributed his ideas, expertise, and time while Griswold supplied the funds to make their vision a reality. In November 2011, the parties agreed to a business plan; it is undisputed, however, that no written agreement exists to govern all aspects of the business relationship. Among the written agreements executed by the parties were three Residential Solar Purchase Agreements ("RSPAs"), each of which contained a broad-form arbitration clause. But neither Sader nor Griswold was a signatory in his individual capacity

to the RSPAs.

On October 24, 2014, Griswold Power, LLC filed a demand for arbitration with the American Arbitration Association ("AAA") against the Sader Parties, including Jon Sader individually. Griswold Power's claims against the Sader Parties were based on the parties' various agreements, including the RSPAs. On July 6, 2015, the Sader Parties answered the demand but Jon Sader appeared solely to contest the arbitrators' jurisdiction over him.

On July 22, 2015 the Sader Parties filed the instant complaint against the Griswold Parties, including David Griswold individually. The Sader Parties assert that they filed suit in this Court because certain causes of action were beyond the scope of the RSPAs' arbitration clauses and because neither Sader nor Griswold were signatories to the RSPAs, and therefore could not be joined as parties to the arbitration. Thus, they envisioned this lawsuit would "close any holes" left open by the limited scope of the arbitration clauses.

On November 17, 2015, the Griswold Parties filed a motion to stay this lawsuit until after the resolution of the pending arbitration proceeding. (Rec. Doc. 11). In that motion the Griswold Parties explained the clear overlap between the arbitration demand and the Sader Parties' complaint and how the arbitration was expected to resolve many, if not all, of the issues raised in this Court. (Rec. Doc. 11-1 at 2). The Court granted several consent extensions with respect to that motion.

On January 15, 2016, the AAA Panel issued its Interim Ruling on Jurisdiction (Rec. Doc. 29-5, Exhibit 4). In that decision, the Panel determined that it had jurisdiction to determine arbitrability, and that all of the claims asserted were arbitrable, (Rec. Doc. 29-5). The Panel also determined that it would "tentatively" continue with Sader as a party even though the question whether a non-signatory can be compelled to arbitrate is generally a matter for a court. The Panel indicated that it would tentatively continue with Sader as a

party pending a ruling by the court.

The Sader Parties then moved the Panel to join Griswold individually in the arbitration proceeding arguing inter alia that Griswold and Sader should be treated in the same way since both were non-signatories to the contract that contained the arbitration clauses. The Sader Parties also pointed out that with Griswold joined in the arbitration nearly all, if not all, of the claims between the parties would be resolved. Griswold opposed that motion.

While the motion to join Griswold was pending before the Panel, the Sader Parties filed in this Court an unopposed motion to stay the Griswold Parties' motion to stay until after the arbitration panel ruled on the joinder motion. (Rec. Doc. 27). After explaining that the Court does not carry motions on its docket without date, the Court ordered the Clerk to administratively close this matter pending a change of circumstances. (Rec. Doc. 28, March 2, 2016 Order). The case remains closed at this time.

On May 4, 2016, the AAA Panel issued its Order Regarding Joinder of David Griswold, Individually (Rec. Doc. 31-15). The Panel denied the motion to join Griswold but without prejudice to the Sader Parties' right to reurge the motion when the federal court (this Court) has ruled on the propriety of joinder. The Panel reiterated that the question whether a non-signatory can be compelled to arbitrate is for a court and not the Panel. The Panel reiterated that Sader was being tentatively continued as a party because he had been named as a respondent party in the original demand and because of the potential that the Court might order him to arbitrate. (*Id.* at 7).

The Sader Parties then moved to either compel joinder of Griswold individually in the arbitration proceedings or to dismiss Sader in his individual capacity from the arbitration. (Rec. Doc. 29). The Court was not persuaded that the Sader Parties had established that

Griswold should be joined in the arbitration. But the Court likewise found that the AAA Panel had exceeded its jurisdiction when it decided to exercise tentative jurisdiction over Jon Sader individually. The Court Ruled that if Griswold would not consent to the jurisdiction of the arbitration panel then the arbitration would likewise proceed without Sader in his individual capacity. (Rec. Doc. 40).

The Sader Parties now move once again to compel Griswold to join the arbitration. The Sader Parties contend that Griswold should be compelled to arbitrate based on the alter ego doctrine—a basis that they did not raise in their prior motion. The Griswold Parties contend that the Sader Parties are merely seeking reconsideration of the Court's last order denying Griswold's joinder, and that alter ego is not a new contention in this case. The Griswold Parties also challenge the sufficiency of the Sader Parties' evidence of alter ego.

The Sader Parties' new motion to compel Griswold to join the arbitration pending between the corporate entities is DENIED. The Sader Parties filed their lawsuit in this Court for the express purpose of pursuing whatever claims of theirs that fell outside the scope of the arbitration clause. If Plaintiffs prevail against Griswold's company in the arbitration then they can pursue him individually in this action once the arbitration is concluded. The Court has already alluded to the great waste of time and money that will surely ensue if the parties arbitrate their dispute without addressing all claims and all parties. But it remains that Griswold is not a party to any arbitration agreement and like Sader will not be compelled to join the arbitration.

The Sader Parties also seek an order compelling David Griswold to submit to a deposition. The Sader Parties have described their frustrated efforts to depose Griswold thus far during the course of the arbitration. Of course, the arbitrators lack the authority to grant a motion to compel as to David Griswold because he is not a party to the arbitration.

The Sader Parties cite Griswold's advanced age (89) as a basis to compel his deposition at this time.

The motion will be DENIED at this time because it is the Court's understanding that Griswold will testify at the arbitration proceedings in November of this year. The Court forewarns the Griswold Parties that if Griswold does not testify as scheduled or otherwise submit to a deposition before December 31, 2017, then the Court will be inclined to allow the Sader Parties to depose Griswold for discovery and perpetuation purposes given that he is a party to the litigation pending in this Court.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Vacate the Stay or Reopen Case and to Compel Joinder of David Griswold to the Arbitration (Rec. Doc. 47)** and **Motion to Vacate Stay and to Compel Deposition of Party Defendant David E. Griswold** filed by plaintiffs Jon Sader, Sader Power Enterprises, LLC, and Sader Power, LLC are **DENIED**;

**IT IS FURTHER ORDERED** that this matter remain stayed and closed pending the conclusion of the arbitration.

August 1, 2017

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE